*J. Matthews*, for defendant.

———

HINE *et al. v.* SWENEY *et al.*

Under the Code issues of fact may be tried by the court unless one of the parties requires a jury.

The defendant is entitled to a jury under the Code even if he refuse to advance the jury fee. The plaintiff should provide the fee or ample security.

APPEAL *from Lee District Court.*

*Opinion by* GREENE, J. AN action of assumpsit by *Sweney & Gregg* v. *D.* and *A. Hine.* Trial by the court, and judgment for the plaintiffs.

Defendants now claim that the court below erred in refusing them a trial by jury. It appears that they demanded a jury, but the court decided that the jury fee fixed by law should first be paid by defendants. They refused to pay, and the court then directed the clerk not to call a jury.

The Code, § 1772, provides, that "issues of fact shall be tried by the court, unless one of the parties shall require a jury. When a jury is thus required, a fee of three dollars shall be assessed against the party having to pay the costs of trial."

This section only confers jurisdiction on the court to try issues of fact, when neither of the parties demands a jury. But in the present case one of the parties did demand a

jury, and therefore the court had no authority to assume the province of a jury and try the issue of fact. The simple fact that defendants refused to pay jury fees would not confer the jurisdiction.

But it is contended that a party is not entitled to a jury unless he pays the jury fee in advance. It is true, under the Code, § 2528, that " the jury fee required by law, must be paid in advance, unless ample security is given," &c. As suits are usually instituted for the use and benefit of plaintiffs, the practice generally obtains that they shall pay, or secure the payment of fees in the first instance, and if they recover judgment, they are entitled to recover their costs from defendant.

There is nothing in the Code which requires *defendants* to pay the jury fee in advance, although it might be ultimately assessed against them; hence we conclude that they were entitled to a jury trial without advance payment, and if plaintiffs had refused to advance the fee or furnish the requisite security, the court might have refused to advance further with their suit. If tried, defendants were entitled to a jury.

Judgment reversed.

*J. C. Hall & C. H. Phelps* and *D. Rorer*, for appellants.

*J. W. Rankin* and *J. M. Love*, for appellee.